## KARL SCHMEMANN v. JOHN ROTHFUSS.

*Assumpsit against collecting agent—Conversations—Costs as damages.*

Where an agent, intrusted with the collection of debts and foreclosure of mortgages, seeks to deceive his principal by representing that payments have not been made on a mortgage, the latter can maintain *assumpsit* on the common money counts against him for moneys received in making collections thereon and for moneys advanced to be used in foreclosing it. And it is proper to examine plaintiff as to every conversation had with defendant in regard to the transaction in controversy especially where it is claimed that he tried to prevent plaintiff from having an interview with the mortgage debtor.

Costs were awarded defendant in error by way of damages for the delay caused him by taking the case up on frivolous assignments of error.

Error to the Superior Court of Detroit. Submitted June 23. Decided June 29.

ASSUMPSIT on the common money counts by Rothfuss against Schmemann for money had and received as Rothfuss' agent in making collection on a mortgage which he had

negotiated for Rothfuss, and for moneys advanced by Roth-
fuss to carry on its foreclosure.    There was testimony tend-
ing to show that Schmemann had deceived Rothfuss as to
payments made and that Rothfuss had directed him to fore-
close upon his representations that the interest had not been
paid when in fact it had been.    Plaintiff was examined as to
what Schmemann had told him as to interest and as to his
paying Schmemann for his disbursements in foreclosing, and
was allowed to testify under objection as to whether he had
had any farther conversations with Schmemann.    The jury
found for plaintiff and defendant assigns error upon the
admission of the testimony referred to and upon the judge's
refusal· to charge that plaintiff could not recover in that
action the moneys paid defendant and allowed to be retained
by him on account of services and disbursements in the fore-
closure.    Affirmed.

*DeForest Paine* for plaintiff in error.

*Otto Kirchner*, for defendant in error, cited in support
of the right of action : *Dupen v. Keeling* 4 C. & P. 102 ;
*Robson v. Eaton* 1 Term 62.

MARSTON, C. J.   We can discover no valid objection to
the question asked the witness Rothfuss, the plaintiff, as set
forth in the first assignment of error.   The plaintiff could
properly be interrogated as to each and every conversation
he had with the defendant regarding the transaction in con-
troversy.   Especially is this so in the present case where it
was claimed, and evidently not without reason, that the
defendant was endeavoring to deceive the plaintiff and pre-
vent him from having any interview with his debtor.

The second assignment of error relates to the refusal of
the court to instruct the jury according to the defendant's
request.   This was fully covered in the instructions given.
In substance the instructions given were that if the plaintiff
at the time the payment referred to was made, knew that
the interest due upon his mortgage had been paid, and that
his instructions to the defendant Schmemann were to fore-

close because of non-payment of the principal, under such
circumstances he could not recover back the balance paid by
him for services in the foreclosure. The court also instructed
the jury, and very properly, that if the plaintiff in this case
was informed by Schmemann that the interest had not been
paid him, when in fact it had, and Schmemann was there-
upon instructed "if this interest is not paid, go on and fore-
close," and the mortgage was foreclosed not because of non-
payment of interest, that for such services payment made
might be recovered back, if made in ignorance of the facts.
Indeed, a pretty clear case is required to enable a party to
retain the profits derived from his own wrongful and deceit-
ful act.

The judgment will be affirmed with costs, and an addi-
tional allowance of thirty dollars will be made the defendant
in error for the damages sustained by him in consequence of
the delay in bringing this case here; the errors assigned
being considered frivolous.

The other Justices concurred.